# UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT of TENN[▼]

FILED
2024 JAN 30 PM 12: 32
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

____NORTHEASTERN____ Division

| | |
|---|---|
| DONALD L. SMITH | Case No. 2:24-cv-0004 |
| ) | (to be filled in by the Clerk's Office) |
| *Plaintiff(s)* | |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Jury Trial: (check one) ✔ Yes ☐ No |
| -v- | |
| RONALD THURMAN, CHANCELLOR | |
| *Defendant(s)* | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: DONALD L. SMITH
Address: PO BOX 732
City: CROSSVILLE   State: TN   Zip Code: 38557
County: CUMBERLAND
Telephone Number: 931-287-6719
E-Mail Address:

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**
Name: RONALD THURMAN
Job or Title (if known): CHANCELLOR OF THE CHANCERY COURT
Address: 321 E SPRING STREET
City: COOKEVILLE   State: TN   Zip Code: 38501
County: PUTNAM
Telephone Number: 931-526-2105
E-Mail Address (if known):
[ ] Individual capacity   [✔] Official capacity

**Defendant No. 2**
Name:
Job or Title (if known):
Address:
City:   State:   Zip Code:
County:
Telephone Number:
E-Mail Address (if known):
[ ] Individual capacity   [ ] Official capacity

Case 2:24-cv-00004   Document 1   Filed 01/30/24   Page 2 of 10 PageID #: 2

Page 2 of 6

Defendant No. 3
    Name
    Job or Title *(if known)*
    Address

        *City*     *State*     *Zip Code*

    County
    Telephone Number
    E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

Defendant No. 4
    Name
    Job or Title *(if known)*
    Address

        *City*     *State*     *Zip Code*

    County
    Telephone Number
    E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
RIGHT TO BE FREE FROM UNLAWFUL SEISURES (FORTH AMENDMENT)
RIGHT TO PRIVACY (NINTH AMENDMENT)
RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW (FOURTEENTH AMENDMENT)

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

DEFENDANT THURMAN, A DULY APPOINTED CHANCERY COURT CHANCELLOR IN THE STATE OF TENNESSEE, ACTED UNDER COLOR OF STATE LAW WHEN HE SAT IN JUDGEMENT OVER TENNESSEE CHANCERY COURT CASE 2021-CH-2011 IN CUMBERLAND COUNTY INVOLVING PLAINTIFF NAKITA R THOMAS AND DEFENDANT DONALD L SMITH, AND ENTERED AN UNLAWFUL ORDER CAUSING PLAINTIFF HEREIN GREAT FIANCIAL LOSS AS WELL AS MENTAL ANGUISH AND EMOTIONAL DISTRESS

### III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?
IN THE CHAMBERS AND CHANCERY COURT ROOM OF DEFENDANT THURMAN IN CROSSVILLE AND COOKVILLE, TENNESSEE.

B. What date and approximate time did the events giving rise to your claim(s) occur?
MAY 27, 2022, JUNE 7, 2022, JUNE 8, 2022, and JUNE 23, 2022

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

PLEASE SEE FOUR ATTACHED PAGES FOLLOWING THIS PAGE

# ADDENDUM TO CIVIL RIGHTS COMPLAINT

**III C.**     **The facts underlying this claim are as follows:**

Plaintiff herein Donald L. Smith, was before the Chancery Court, a Tennessee Court of Equity, on May 13, 2022. The proceeding, was entitled, "Petition to Quiet Title to Property and to Remove Respondent Smith"---the Plaintiff herein. Specifically, the case involved a residence in Cumberland County, Tennessee wherein the Respondent had resided continuously for the past uncontested eleven (11) years prior to the state action coming on for hearing before Ronald Thurman, Chancellor of the Chancery Court in and for Cumberland County, Tennessee.

At the conclusion of that hearing, Chancellor Thurman announced he would be entering an Order in favor of the Petitioner, one Nakita Thomas. The attorneys for the respective parties were told to both submit a prospective Order to the Court in which they did.[1]

**Note**: It should be emphasized that the Plaintiff herein is not attempting to re-litigate the merits of the Chancellor's findings through this Complaint for Violation of Civil Rights, but rather, is alleging a substantial violation and deprivation of his federally secured rights under Amendments Four, Nine and Fourteen of the Constitution of the United States based on the unlawful and wrongful actions of Chancellor Thurman, acting under color of state law, subsequent to this aforementioned hearing on May 13, 2022.

---

[1]The Chancellor also reserved jurisdiction for an additional hearing to be held as to any possible damages to the residence in litigation, and such further hearing between these parties in this same case was in fact held and concluded on June 23, 2022. Later, the State Appellate Court in Tennessee opined on page 18 of its Order that this Order entered by Chancellor Thurman on June 23, 2022 at that second and further hearing, to be the final order in case 20231-CH-2011 before Chancellor Thurman involving Respondent below, Donald L. Smith.

On May 27, 2022, Defendant Chancellor Thurman, finally entered an Order relating to the aforementioned hearing that had been conducted on May 13, 2022, and the Order included the following unlawful provision:

> "...the Respondent [Smith] shall have ten (10) days from the entry of this Order to move from the property. A Writ of Possession for the property shall issue if the Respondent fails to move from the property **within 10 days of the entry of this order**." [Emphasis supplied]

This Honorable Court is asked to take judicial notice of Rule 62.01 [Initial Stay] of the Tennessee Rules of Civil Procedure, a Rule that was and is well known to Defendant Chancellor Thurman, which states in pertinent part:

> "**No execution shall issue upon a judgment, nor shall proceedings be taken for its enforcement** until expiration of 30-days after its entry." [Emphasis supplied]

This 30-day allotment is the time period a party is given in Tennessee to timely file a Notice of Appeal if desired. As Plaintiff Smith's appellate counsel timely filed the Notice of Appeal after the two hearings in the case below were concluded, the final one being concluded on June 9, 2022, and as Chancellor Thurman declared in that Order that it was "based on the prior Order" [of May 27, 2022] and as evidenced by the acceptance of the Tennessee Appellate Court-Knoxville of his appeal as being timely filed, no provisions included within Chancellor Thurman's two Orders could become enforceable as the "law of the case" until such time as Smith might lose on his appeal plus another 30-days after that if he wished to request further review as provided under Tennessee law. If such further review was timely requested, and it was, then Chancellor Thurman's Orders would still not be enforceable as "the law of the case" while the matter is being addressed, one way oe another, by the Tennessee Supreme Court.

In anticipation of arguendo from the Defendant as to the Writ of Possession being lawful due to the Plaintiff's failure to vacate the property within ten days as ordered on May 22, 2022,[1] or lawful as he did not otherwise post, within that ten day period, a bond to stay enforcement of the Writ, the Plaintiff responds as follows. First, Defendant, when ordering the Plaintiff to vacate within ten days of the Order, in effect was denying Plaintiff a right to post a bond for stay of execution as Plaintiff had 30-days from entry of the May 27th Order to do so. (Rule 62.01, supra). See also TCA Rule 62.04 - Stay on Appeal:

> "Except as otherwise provided in Rule 62.01, when an appeal is taken the Appellant, by giving a bond, may obtain a stay. **The bond may be given on or after the time of filing the Notice of Appeal.** [Emphasis supplied.]

The stay is effective when the bond is approved by the court. And, if the Respondent, by his 10-day provision was implicitly denying Petitioner a stay, then the Respondent, under color of law, was unlawfully disregarding the further Rule that required him to state, in writing, his reasons for denying a stay of enforcement of a civil action. (Rule 62.05 (2).)

---

[1] If this paragraph should end with this sentence, then issuance of the Writ of Possession occurred in violation of the dictates of Rule 6.01, which holds: "When the period of time prescribed or allowed is less then 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." The Writ was issued on June 7, 2022, (11 calendar days after entry of the May 27th Order), and eviction occurred on June 8, 2022. However, during that span there was a Saturday on 5/28, a Sunday on 5/29, Memorial Day on 5/30, Saturday on 6/4, and a Sunday on 6/5. Therefore, in accordance with Rule 6.01, the Write was issued on the 6th day of the <u>actual</u> ten day period, and the forced eviction occurred on the 7th day of the <u>actual</u> 10-day period for Respondent to vacate.

In a proverbial nutshell, Plaintiff Smith had every right, under Tennessee law, to remain in the residence under dispute, where he resided uncontested for the past eleven (11) years, between the date of June 8, 2022[2], when he was forcibly and unlawfully dispossessed and continuing through and beyond the date of this filing of his Section 1983 Complaint in Federal Court. The reason being, when his timely filed direct appeal to the Tennessee Court of Appeals-Knoxville was decided on the merits adversely to his interest on July 28, 2023, he then timely filed, within the time period allowed for him to do so under the Tennessee Rules of Court, Rule 11, an Application for Permission to Appeal to the Tennessee Supreme Court; a matter that is still pending as of the date of this filing. However, Plaintiff herein has not been allowed to remained in his residence due to the arbitrary, callus, and contemptuous disregard of the law and rights of Plaintiff Smith by Defendant Chancellor Turman while Thurman was acting under color of law.

---

[2] June 8, 2022, was the date Plaintiff was forcibly evicted together with all of his 11-years of accumulated property and forced to live homeless for the next ten (10) days on the streets of Crossville, Tennessee, until a small apartment became available to him in a public housing complex. Once evicted and removed, the Petioner in that state action, Nakita Thomas, took immediate possession, so timely posting a bond and obtaining a stay became moot. He was out of his residence, she was in, and his rights under Tennessee law irreparably violated by Defendant Thurman's unlawful abuse of power while acting under color of law. Cumberland County Sheriff's Deputies, acting pursuant to the Writ of Possession executed by the Chancery Court Clerk in keeping with Chancellor Thurman's [unlawful] 10-day eviction provision in the Order of May 27, 2022, were in fact performing an untimely "execution and enforcement" being taken right in the middle of the proceedings below as the action in Chancery Court did not conclude until the Chancellor's second and final order dated July 28, 2023 - a date that would mark the beginning of a 30-day right for Smith to appeal - which through counsel he timely did so, and again, was deemed timely filed in the Tennessee Court of Appeals.

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

NO PHYSICAL INJURIES SUSTAINED

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

APPOINTMENT OF LEGAL COUNSEL
TRIAL BY JURY ON ALL ISSUES SO TRIABLE
RECOVERY OF ALL COSTS, INCLUDING REASONABLE ATTORNEY FEES, UNDER 42 USC SECTION 1988
COMPENSATORY DAMAGES AS FOLLOWS:
    -$3,750.00 IN MOVING EXPENSES
    -$8,000.00 IN RENT EXPENSES ACCRUED UP TO THE DATE OF THIS FILING
    -ADDITIONAL RENTAL EXPENSE THAT WILL BE ACCURED UP TO THE TIME IT WILL TAKE THE TENNESSEE SUPREME COURT TO REACH FINAL DISPOSITION IN THE CASE BELOW.
    -$750,000.00 IN PUNITIVE DAMAGES
    -ALL OTHER RELIEF DEEMED PROPER AND JUST

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/30/24

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: DONALD L. SMITH

P.O. Box 732
Crossville TN 38557

### B. For Attorneys

Date of signing:

Signature of Attorney:

Printed Name of Attorney:

Bar Number:

Name of Law Firm:

Address:

City / State / Zip Code

Telephone Number: 931 287 6719

E-mail Address: